UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLY DICKSON,<br><br>                            Plaintiff,<br><br>        -v-<br><br><br>JOEL FELTY, <u>et</u> <u>al.</u>,<br><br>                        Defendants. | CIVIL ACTION NO. 26 Civ. 2014 (VSB) (SLC)<br><br>**<u>OPINION AND ORDER</u>** |

**SARAH L. CAVE,** United States Magistrate Judge.

## I. <u>INTRODUCTION</u>

<u>Pro</u> <u>se</u> Plaintiff Holly Dickson ("Ms. Dickson") sues under 42 U.S.C. §§ 1983 and 1985 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, <u>et</u> <u>al.</u>, hundreds of defendants ("Defendants")[1] — who include, but are not limited to: her ex-husband; several entities in Florida and Ohio; several cities in Florida and Ohio; several state and federal governmental agencies and police departments; over 20 law firms; several financial institutions, banks, and servicers; and several state court judges in Florida and Ohio — alleging that they

---

[1] Appendix A of the Complaint contains a list of hundreds of Defendants, which Ms. Dickson categorizes as follows: (I) (A) Individuals (Florida); (B) Law Firms (Florida); (C) Other Entities (Florida); (D) Financial Institutions, Banks, Servicers; (E) Local, State, and Federal Entities (Florida); (F) Hillsborough and Pinellas County Judges; (II) State of Ohio Defendants; (III) Federal Defendants; (IV) Corporate and Financial Entities; and (V) Doe Defendants (1–50). (Dkt. No. 1 at 13–18). Ms. Dickson, however, does not identify all Defendants by name and instead refers to some of them as "[u]nknown [f]ederal [a]ctors involved in financial routing, case assignments, or enforcement actions," "[u]nknown" financial institutions, and bonding/insurance entities, along with various and unidentified "mortgage services" and "title companies[.]" (<u>Id.</u> at 17–18). As for the Doe Defendants, Ms. Dickson references anywhere between as many as 50 "unidentified individuals and entities who participated in, facilitated, or benefit[t]ed from the enterprise's activities, including document preparers, notaries, clerks, contractors, data-entry personnel, financial intermediaries, judicial assistants, and law enforcement personnel" and states that "[t]hese defendants will be identified through discovery." (<u>Id.</u> at 18). Accordingly, we are unable to ascertain the exact number of Defendants.

conspired against her to "weaponize[] the criminal justice system" and coordinate a 17-year, multi-jurisdictional enterprise to use court processes as "instruments of financial extraction and concealment" to harm her, which she describes as "nothing short of human trafficking by judicial actors."  (Dkt. No. 1 (the "Complaint")).

Before the Court is Ms. Dickson's motion for alternative service of the summons and Complaint on Defendants.  (Dkt. Nos. 10 (the "Motion"); 13).  Since filing the Motion, Ms. Dickson has filed five affidavits of service of the summons and Complaint on the following Defendants: (1) Ohio Governor Mike DeWine, (Dkt. No. 14); (2) Police Prosecutor Steve Patton, (Dkt. No. 16); (3) Attorney General Dave Yost (Dkt. No. 17); (4) Kenna Felty, (Dkt. No. 18); and (5) Greenspoon Marder LLP (Dkt. No. 19), (together, the "Served Defendants").[2]  Accordingly, the Motion is moot with respect to the Served Defendants, and we consider Ms. Dickson's request only as to the Defendants she has not yet served (the "Unserved Defendants").  For the reasons set forth below, the Motion is **DENIED**.

## II. <u>LEGAL STANDARD</u>

### A.  <u>Applicable Service Rules</u>

As noted above, Ms. Dickson's expansive list of Defendants includes several individuals, entities, cities, and federal and state agencies and officers, each of whom has different statutorily prescribed methods of service.  (Dkt. No. 1 at 13–18).

---

[2] Ms. Dickson also filed an affidavit of service of the summons and Complaint on Geauga County Board of Commissioners.  (Dkt. No. 15).  Geauga County Board of Commissioners, however, is not named as a Defendant in this action.  (Dkt. No. 1).  Service on a party that is not named as a Defendant has no effect and does not make that party a Defendant.  Geauga County Board of Commissioners is not required to take any action in response to the summons and Complaint, and Ms. Dickson is directed to refrain from purporting to "serve" the summons and Complaint on people or entities whom she has not named as a Defendant in this action.

With respect to service upon individuals, Federal Rule of Civil Procedure 4(e)(1) allows for service to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); see CE Line One Corp. Ltd. v. Masters, No. 24 Civ. 9889 (RA) (OTW), 2025 WL 1099597, at *2 (S.D.N.Y. Apr. 11, 2025).[3]  The New York Civil Practice Law and Rules ("C.P.L.R.") provides a number of approved service methods upon a natural person, (see C.P.L.R. § 308(1)–(4)), and contemplates that if service is impracticable under those methods, service may be made "in such manner as the court, upon motion without notice, directs[.]" Rampersad v. Deutsche Bank Sec., Inc., No. 02 Civ. 7311 (LTS) (AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (quoting C.P.L.R. § 308(5)).

With respect to service upon a corporation, partnership, or association, Federal Rule of Civil Procedure 4(h) provides that service may be made in a judicial district of the United States in a manner prescribed by Rule 4(e)(1), or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h).

As for service on United States' agencies, corporations, and officers and employees sued in their official capacity, Federal Rule of Civil Procedure 4(i)(2) provides that, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."  Fed. R. Civ. P. 4(i)(2).  If the

---

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

officer of employee is sued in their individual capacity, Rule 4(i)(3) provides that a party "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

With respect to service upon a state or local government, Rule 4(j)(2) provides that "a state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).

**B.  Service by Alternative Means**

In seeking leave to serve by alternative means, "the plaintiff must demonstrate impracticability in utilizing the statutorily prescribed methods of service."  Micco v. Conagra Foods, Inc., No. 16 Civ. 6140 (JWF), 2016 WL 6839465, at *1 (W.D.N.Y. Nov. 21, 2016).  "A plaintiff can demonstrate that service by conventional means is 'impracticable' by making diligent, albeit unsuccessful efforts to obtain information regarding a defendant's current residence, business address or place of abode."  Pearson Educ., Inc. v. Aggarwal, No. 17 Civ. 203 (KMW), 2022 WL 3700142, at *3 (S.D.N.Y. Aug. 26, 2022).  "The meaning of 'impracticability' depends upon the facts and circumstances of the particular case."  Fortunato v. Chase Bank USA, N.A., No. 11 Civ. 6608 (JFK), 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012); accord Rampersad, 2003 WL 21073951, at *1.  "In general, plaintiff must make some showing that the other prescribed methods of service could not be made."  Sirius XM Radio Inc. v. Aura Multimedia Corp., 339 F.R.D. 592, 593 (S.D.N.Y. 2021).

"In shaping a method of alternate service, the Court must bear in mind the requirements of due process that the method of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Shamoun v. Mushlin, No. 12 Civ. 3541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Courts are reluctant to find that service by electronic means satisfies due process when it is the only method of service as opposed to "one piece of a multi-prong approach to service." Marvici v. Roche Facilities Maint. LLC, No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021) (collecting cases). Courts therefore generally authorize service by email as a supplement to, rather than in place of, another primary method of service. See, e.g., id. at *4–5; see also Kumar v. Alhunaif, No. 23 Civ. 321 (DEH), 2023 WL 8527671, at *4 (S.D.N.Y. Dec. 8, 2023) (finding that service by email, "with three additional modes (text, WhatsApp, and Facebook) as backstops, complie[d] with due process.").

### III. DISCUSSION

Ms. Dickson seeks an order authorizing alternative service of the summons and Complaint on the Unserved Defendants by "electronic means reasonably calculated to provide actual notice, including service by email and other digital communication channels." (Dkt. No. 10 at 3). Ms. Dickson argues that "traditional service is impracticable given the nature of the [Unserved] [D]efendants and the context of the alleged conduct[,]" which "occurred through court processes, filings, and professional channels, and their professional contact information is embedded in the very case records at issue." (Id. at 3).

As stated above, (see § II.B., supra), "[a] plaintiff can demonstrate that service by conventional means is 'impracticable' by making diligent, albeit unsuccessful efforts to obtain information regarding a defendant's current residence, business address or place of abode." Pearson Educ., 2022 WL 3700142, at *3; Micco, 2016 WL 6839465, at *1 ("the plaintiff must demonstrate impracticability in utilizing the statutorily prescribed methods of service."); S.E.C. v. Nnebe, No. 01 Civ. 5247 (KMW) (KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) ("[C]ourts have found service to be impracticable where the defendant could not be located by means of a diligent search.").  Here, Ms. Dickson has demonstrated neither that she made any attempts to search for the Unserved Defendants' contact information nor that she made any attempts to serve the Unserved Defendants by the traditional statutorily prescribed means. (See Dkt. No. 10). Ms. Dickson rests her argument that service by traditional methods would be "impracticable" only on the conclusory assertion that the Unserved Defendants' "professional contact information is embedded in the very case records at issue." (Id. at 4).  Ms. Dickson's allegations, however, indicate that she knows or had contact with many of the Defendants, and that other Defendants are public officials whose contact information would therefore be available through basic internet searches, thus undermining her contention that their contact information for service purposes is not readily available to her.  (See, e.g., Dkt. No. 1 at 4 ¶ 12, 25–66). Accordingly, Ms. Dickson has not demonstrated that service by traditional means would be "impracticable," such that alternative service would be appropriate for the Unserved Defendants. See Sirius XM Radio Inc., 339 F.R.D. at 593 ("In general, plaintiff must make some showing that the other prescribed methods of service could not be made.") (emphasis added).

6

## IV. CONCLUSION

For the reasons set forth above, the Motion is **DENIED AS MOOT** as to the Served Defendants and **DENIED** without prejudice as to the Unserved Defendants.  The Geauga County Board of Commissioners — which Ms. Dickson served (Dkt. No. 15), but who is not named as a Defendant (Dkt. No. 1) — is not required to take any action with respect to the summons and Complaint.  Ms. Dickson shall refrain from purporting to "serve" the summons and Complaint on people or entities whom she has not named as Defendants in the Complaint.  (See n.2, supra).

The Clerk of the Court is respectfully directed to:

1.  Close Dkt. No. 10; and

2.  Mail a copy of this Order to Geauga County Board of Commissioners at both addresses below:

    - 12611 Ravenwood Drive, Suite 350, Chardon, OH 44024; and

    - 470 Center Street, Building #4, Chardon, OH 44024.

Dated:      New York, New York
            April 9, 2026

_____
SARAH L. CAVE
**United States Magistrate Judge**

7