UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLLY DICKSON,

                                    Plaintiff,

         -v-                                              CIVIL ACTION NO. 26 Civ. 2014 (VSB) (SLC)

                                                                      **ORDER**

JOEL FELTY, et al.,

                                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of pro se Plaintiff Holly Dickson's ("Ms. Dickson") additional proofs

of service of the summons and complaint (Dkt. No. 1 (the "Complaint," together with the

summons, the "S&C"). (Dkt. Nos. 21–28; 30–36 (the "Proofs of Service")).[1] Among the Proofs of

the Service, Ms. Dickson filed a Proof of Service of the S&C on Stephen L. Meininger, P.A.

(Dkt. No. 30). Stephen L. Meininger, P.A., however, is not named as a Defendant in this action.

(Dkt. No. 1 at 13–18). The Court reminds Ms. Dickson that service on a party that is not named

as a Defendant has no effect and does not make that party a Defendant. (Dkt. No. 20 at 2 n.2).

Stephen L. Meininger, P.A. is not required to take any action in response to the S&C.

This is the third time Ms. Dickson has purported to "serve" the S&C on a party whom she

has not named as a Defendant in this action, (see Dkt. Nos. 20 at 2 n.2; 29). Given Ms. Dickson's

pro se status, however, the Court warns Ms. Dickson again that if she continues to "serve" the

S&C on non-parties in this case, she may be subject to sanctions for violating Court Orders.

---

[1] The Court already addressed Ms. Dickson's first round of proofs of service, (Dkt. Nos. 14–19), in the
Order dated April 13, 2026. (Dkt. No. 29).

Ms. Dickson also filed, among the Proofs of Service, a "statement regarding service on Marina Place Condominium Association ["Marina"]," along with an affidavit of non-service for Marina, stating that Bush Ross, P.A., purported counsel for Marina, refused to accept service of the S&C on behalf of Marina. (Dkt. Nos. 35–36 (the "Marina Request")). In the Marina Request, Ms. Dickson requests that the Court "(a) take judicial notice of the attached docket entry in Case No. 19-001713 demonstrating that Bush Ross, P.A., represents [Marina]; and (b) deem the attempted service on Bush Ross on April 3, 2026 to be a valid attempt to serve [Marina] for purposes of the Court's review, or in the alternative grant [Ms. Dickson] leave to re-serve [Marina] at any address the Court directs without sanction." (Dkt. No. 35 at 1).

As an initial matter, Ms. Dickson's deadline to serve the S&C on Defendants is **June 9, 2026**. <u>See</u> Fed. R. Civ. P. 4(m). Given that Ms. Dickson's service deadline has not yet passed, her request for leave to re-serve Marina is **GRANTED**.

To the extent, however, that Ms. Dickson requests the Court to take judicial notice of a docket entry in another case to demonstrate that Bush Ross, P.A., represents Marina in <u>this</u> case, the Court declines to take the requested judicial notice because a law firm's representation in one case does not necessarily equate to representation in another case, and therefore, whether Bush Ross represents Marina in this case may be "reasonabl[y] dispute[d]." <u>See</u> Fed. R. Civ. P. 201(b) ("the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); <u>Jones v. Rivera</u>, No. 13 Civ. 1042 (NSR), 2015 WL 8362766, at *3 (S.D.N.Y. 2015) (declining to take judicial notice of documents where "[d]efendants have not explained how the documents

contain facts that are of common knowledge or that are derived from an unimpeachable source, which would permit the Court to take judicial notice of them."); Meola v. Asset Recovery Solutions, LLC, No. 17 Civ. 1017 (MKB) (RER), 2018 WL 4660373, at *4 (E.D.N.Y. Sept. 28, 2018) (declining to take judicial notice of factual findings made in another case because they "d[id] not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source."). Accordingly, to the extent Ms. Dickson requests the Court to "take judicial notice of the attached docket entry in Case No. 19-001713 demonstrating that Bush Ross, P.A., represents [Marina][,]" (Dkt. No. 35 at 1), that request is **DENIED**.

Finally, to the extent Ms. Dickson requests that the Court "deem the attempted service on Bush Ross on April 3, 2026 to be a valid attempt to serve [Marina] for purposes of the Court's review[,]" (Dkt. No. 35 at 1), that request is **DENIED** without prejudice as premature given that Marina has not appeared in this action and has not argued that the service attempt on April 3, 2026 was not valid service.

The Court encourages Ms. Dickson to contact the Federal Pro Se Legal Assistance Project (the "Clinic") run by the City Bar Justice Center, for questions about effecting service on the named Defendants only, and other procedural questions about this action. The Clinic can be reached by phone (212-382-4794) or email (fedprosdny@nycbar.org). More information on the Clinic can be found at https://www.nysd.uscourts.gov/attorney/legal-assistance.

The Clerk of the Court is respectfully directed to:

1.  Remove Stephen L. Meininger, P.A. as a defendant on the docket; and

2.  Mail a copy of this Order to Stephen L. Meininger, P.A. at both addresses listed below:

- 301 W. Platt Street, Suite A340, Tampa, Florida, 33606; and

- 707 N. Franklin Street, Suite 260, Tampa, Florida, 33602.

Dated:        New York, New York
              April 16, 2026                    SO ORDERED.


_____
**SARAH L. CAVE**
**United States Magistrate Judge**