UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLLY DICKSON,

                                    Plaintiff,

            -v-                                             CIVIL ACTION NO. 26 Civ. 2014 (VSB) (SLC)

JOEL FELTY, et al.,                                                       **ORDER**

                                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of pro se Plaintiff Holly Dickson's ("Ms. Dickson") request (i) to

supplement Appendix A to her complaint (Dkt. No. 1 (the "Complaint")) with a "unified service

accountability exhibit" (the "Status Report Request"); (ii) to vacate the Orders at Dkt. Nos. 71 and

82 that extended the deadlines to respond to the Complaint for Defendants Bush Ross, P.A., Joel

Felty, Kenna Monska-Baum Felty, Greg Jones, and Rywant, Alvarez, Jones, Russo & Guyton,

P.A. (the "Request to Vacate"); and (iv) for entry of default against Defendants Dave Yost, Mike

DeWine, James Flaiz, Steve Patton, and Judge David Fuhry (the "Default Request").

(Dkt. Nos. 121–22; 124 (the "Requests")).   For the reasons stated below, the Requests are

**GRANTED IN PART** and **DENIED IN PART**.

> I.       THE STATUS REPORT REQUEST

As for Ms. Dickson's Status Report Request, the Court construes Ms. Dickson's request to

supplement Appendix A to her Complaint with a "unified service accountability exhibit" as a

request to file a status report regarding service of process on Defendants[1] (the "Status Report").

---

[1] The term "Defendants" shall the same meaning as stated in the Court's Opinion and Order dated
April 9, 2026.  (Dkt. No. 20).

(Dkt. Nos. 122–23).  Specifically, Ms. Dickson requests to file a Status Report that categories Defendants as follows:  (i) the defendants for whom "individual service is [purportedly] unnecessary, redundant, impracticable, or complete;" (ii) the defendants who were "served by certified mail[;]" and (iii) the defendants for whom "personal service has been initiated or completed by process servers."  (Dkt. No. 122 at 1–2).  Given Ms. Dickson's representation that Status Report "does not amend, alter, or modify the defendant list [in the Complaint] in any respect[,]" but rather, "provides the Court with a comprehensive, organized accounting of the current status of every defendant[,]" the Status Report Request is **GRANTED**.  Ms. Dickson may file the Status Report by **May 18, 2026**.  The Court clarifies that it is not granting Ms. Dickson leave to amend her Complaint and reminds Ms. Dickson that the Honorable Vernon S. Broderick held any ruling on her motion to amend her complaint, (Dkt. No. 55), in abeyance "until service [of the Complaint] is effectuated."  (Dkt. No. 62 at 3).

## II.      THE REQUESTS TO VACATE

As for Ms. Dickson's Request to Vacate the Orders at Dkt. Nos. 71 and 82 that extended the deadlines to respond to the Complaint for Defendants Bush Ross, Joel Felty, Kenna Monska-Baum Felty, Greg Jones, and Rywant, Alvarez, Jones, Russo & Guyton, P.A., (Dkt. Nos. 121–22), the Court has discretion to coordinate the most efficient schedule, especially in a case where there are hundreds of Defendants.  (See Dkt. No. 20 at 1 n.1).  See also Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")  Given that service of the Complaint on the hundreds of Defendants is still in progress, the Court has granted

2

several Defendants' requests to extend their deadlines to respond to the Complaint in the interest of efficiency.  (Dkt. Nos. 71, 82, 119, 131).[2]  Accordingly, the Request to Vacate is **DENIED**.

### III.     THE DEFAULT REQUEST

Ms. Dickson also seeks entry of default against Defendants Dave Yost, Mike DeWine, James Flaiz, Steve Patton, and Judge David Fuhry because those Defendants have either not responded to the Complaint within 21 days of service or refused to accept service.  (Dkt. No. 124). For the same reasons as stated above, (see § II, supra), Ms. Dickson's Default Request is **DENIED** without prejudice pending the completion of service on all Defendants.

The Clerk of Court is respectfully directed to close Dkt. Nos. 121 and 122.

Dated:        New York, New York
              May 4, 2026                            SO ORDERED.


_____
**SARAH L. CAVE**
**United States Magistrate Judge**

---

[2] To the extent Ms. Dickson objects to the Court's Orders at Dkt. Nos. 119 and 131 extending the deadlines for Defendants Get Liquid Funding ("GLF") (Dkt. No. 119) and Richard J. Mockler (Dkt. No. 131) to respond to the Complaint, for the same reasons as stated in § II, Ms. Dickson's objections are **OVERRULED**.  (See Dkt. No. 132 (objecting to GLF's request for an extension of time to respond to the Complaint)).