**UNIITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Holly Dickson,** Plaintiff,

v.

**Joel Felty, et al.,** Defendants.

Case No. **1:26-cv-2014 (VSB) (SLC)**

**NOTICE OF MOTION TO CLARIFY THE RECORD**

**PLEASE TAKE NOTICE** that Plaintiff **Holly Dickson**, proceeding pro se, respectfully moves this Court before the Honorable Vernon S. Broderick, United States District Judge, at the United States District Court for the Southern District of New York, for an Order **clarifying the status of Plaintiff's pending Motion for Temporary Restraining Order ("TRO")**, the procedural posture of this case following completion of service, and the effect of recent filings submitted by certain Ohio defendants.

This motion seeks clarification regarding:

1. Whether the TRO remains under consideration by the Court;
2. The status of the case following Plaintiff's completion of service on all defendants;
3. The impact of recent filings, including Dkts. 313 and 314, which were submitted during a period of docket congestion and appear to have been used to introduce selective and incomplete materials into the record; and
4. The continued inclusion of exhibits filed by Defendant Craig Young, which Plaintiff requests remain on the record as they are themselves evidence relevant to the issues raised in this case.

In support of this motion, Plaintiff submits the accompanying **Motion to Clarify the Record**, along with **Exhibit A** and **Exhibit B,** and respectfully directs the Court to **Exhibit C** as filed by Defendants.

Plaintiff respectfully requests such other and further relief as the Court deems just and proper.

Dated: **May 28, 2026**
Chesterland, Ohio

Respectfully submitted,

*Holly Dickson*

**Holly Dickson**
Pro Se Plaintiff
12978 Dorothy Drive
Chesterland, OH 44026
440-850-1395
h1dickson@verizon.net

SO ORDERED:    6/4/2026

*Vernon Broderick*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Service appears not to have been effectuated on the following forty-five Defendants: [Name Redacted], Melbourne, Florida; Davis Weintraub; John Miller; Michelle Gilbert; Megan Widmeyer; Mike Varga; Ian Anderson; Michele Clancy; Jason Silver; Bryan Hull; Patrick Hennessy; Michael Perez; Charles Franklin Johnson; Howell Webster Melton III; Lauren G. Raines; Scott Giffith; Cherie Simmons; Nancy Wallace; Eileen Martinez; Tiffany Love; Astrid Guardado; The Women's Law Group; Ron Wolfe & Associates, P.A.; Stay in My Home, P.A.; LoveGrove & Lastella, P.L.L.C.; Weidner Law Group; SRT Property Management Group; PinellasRealForeclosure.com; HillsboroughRealForeclosure.com; NewRez; New Penn Financial; Environmental Protection Agency (EPA); City of Dunedin Permitting Department; BOCC Hillsborough County; BOCC Pinellas County; Judge Claudia Isom; Judge Greg Holder; Judge Pat Muscarella; Judge Thomas Ramsberger; Judge George Jirotka; Benjamin Grant Chojnacki; [Name Redacted], Chesterland, Ohio; Chester Township Police Department; United States Attorney's Office (Middle District of Florida); and United States Bankruptcy Court (Middle District of Florida).  Service is due on June 9, 2026.

On June 10, 2026, Plaintiff shall submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) against any Defendants as to whom service is outstanding.  "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted).  "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* (internal quotation marks omitted).  "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991)).  Plaintiff is warned that failure to submit a letter and to demonstrate good cause for failure to serve within ninety days after the complaint was filed will result in dismissal of this action against any unserved defendants who have not waived service.  Plaintiff's motion for a temporary restraining order will be resolved after service is addressed as I indicated in my previous order.  (Doc.  12.)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Holly Dickson,** Plaintiff,

v.

**Joel Felty, et al.,** Defendants.

Case No. **1:26-cv-2014 (VSB) (SLC)**

## MOTION TO CLARIFY THE RECORD REGARDING TRO CONSIDERATION, STATUS OF SERVICE, AND RECENT DEFENDANT FILINGS

**Date:** May 28, 2026

Plaintiff Holly Dickson respectfully moves the Court for clarification regarding the status of her pending Motion for Temporary Restraining Order ("TRO"), the procedural posture of this case following completion of service, and the effect of recent filings submitted by certain Ohio defendants.

This motion is necessary to preserve the integrity of the record, prevent further procedural manipulation, and ensure that the Court has the opportunity to review critical evidence already filed and attached hereto.

### I. The TRO Remains Pending and Requires Clarification

Plaintiff filed a TRO early in this litigation. The docket reflects that the Court intended to address the TRO **after service was completed,** not after answers were filed. See Dkts. 12, 62, 70.

Service has now been completed, as reflected in Plaintiff's May 18, 2026 Status Report.

The TRO remains pending without confirmation or denial. Plaintiff does not interpret this silence as intentional or as any indication of the Court's position on the merits. Plaintiff understands the Court has been managing an extraordinary volume of filings involving more than one hundred defendants.

However, because the TRO concerns Plaintiff's immediate safety and the integrity of these proceedings, Plaintiff respectfully requests clarification as to whether the TRO remains under consideration. If the Court does not intend to provide TRO relief, Plaintiff requires notice so she may understand the procedural posture of the case and take appropriate steps to protect herself.

## II. Extensions of Time Have Been Used for Purposes the Court Did Not Authorize

The Court has granted multiple extensions of time to answer. Plaintiff understands that such extensions are routine and appropriate in cases involving numerous defendants. Plaintiff does not object to the Court's practice of granting reasonable extensions.

However, in this case, the extensions have been used for purposes the Court did not authorize. Defendants have used the additional time not to prepare answers, but to:

- coordinate filings across unrelated defendant groups,
- pre-stage exhibits,
- manipulate the docket, and
- introduce selective and incomplete documents.

This includes the filing of Exhibits A–D to Defendant Young's amended answer — certified on May 6, 2026, the day before the Ohio Attorney General resigned, and filed during a moment of significant docket congestion.

This is not the ordinary or intended use of additional time. It is a nefarious use of time that was never granted for this purpose.

### A. Dkt. 313 Was Not a Motion and Was Used to Back-Door Exhibits

Exhibits A–D were effectively back-doored onto the docket through Dkt. 313. Although styled as a "motion for leave to amend," Dkt. 313 was not a motion at all. Counsel for Defendant Craig Young would have recognized that the answer filed on April 23, 2026 could not be amended as of right, and that the second answer is not materially different from the first except for the exhibits attached.

The purpose of Dkt. 313 was not to amend an answer, but to introduce Defendants' own curated and tampered evidence into the record at a moment when the Court was managing significant docket congestion, with the purpose of attacking Plaintiff's credibility and creating substantial — and potentially irreparable — prejudicial bias by disseminating tampered records indicating criminality by Plaintiff to every Defendant in this case.

The filing occurred on May 21, 2026, after Plaintiff filed her status report with this Court.

### B. Dkt. 314 Was Filed Simultaneously to Obtain More Time

This filing occurred simultaneously with Dkt. 314, in which a subset of Ohio defendants requested — and received — additional time to answer.

The coordinated timing of these filings reflects the very manipulation of court processes that Plaintiff has repeatedly described. These actors are well-practiced in exploiting procedural gaps, and the events reflected in Dkts. 313 and 314 constitute the second

instance of such conduct on this federal record, the first being the Midland matter involving Plaintiff.

Without a TRO, nothing prevents defendants from continuing to file coordinated, selective, and misleading documents that invert the posture of the case and force Plaintiff into a defensive position.

### III. The Court Should Review Exhibit C as Filed by Defendants

Plaintiff does not attach Exhibit C to this motion because it is already part of the federal record. Plaintiff respectfully directs the Court to review Exhibit C as filed by Defendants, along with Exhibits A, B, and D.

Exhibit C contains material discrepancies central to understanding the pattern of altered timelines, unrecorded detentions, and manipulated judicial entries described in the Complaint. Its significance can only be appreciated in the context of the full set of documents, and not what the Defendant chose to file, which does not include any of his own, multiple false reports, and the points of initiation. It is a stark and revealing omission.

### IV. Plaintiff Submits a Simple, Two-Page Summary of Recorded vs. Unrecorded Events

Attached as Exhibit A is Plaintiff's two-page summary comparing:

- what was **recorded** in Plaintiff's FBI criminal history report,
- with what actually **occurred**.

This summary is simple, factual, and independently verifiable by the Court. It demonstrates that the harm Plaintiff suffered is far more extensive than what the Ohio defendants have represented, and that significant periods of custody, arrest, and detention were never recorded at all.

The most devastating omission is the unrecorded arrest of September 2, 2021, when Plaintiff was arrested while fleeing on foot from the individual who had assaulted her on May 15, 2021, August 27, 2021, and June 20, 2024. This arrest — the moment Plaintiff was prevented from leaving Chardon, Geauga County, or Ohio — does not appear in any official system.

### V. Plaintiff Submits Four Days of Documents the Defendants Cannot Explain

Attached as Exhibit B is a four-day sequence of documents from September 30 through October 4, 2022, including:

- **September 30, 2022** — Fully executed bench warrant used to arrest Plaintiff (unrecorded). The warrant corresponds to 2022 CRB 502 and reflects Plaintiff being taken into custody on September 30, 2022.
- **October 1, 2022** — Jail billing records showing ER transport.
- **October 2, 2022** — Tampered dash-cam video from Officers Pitrelli and Insana, later played to a jury.
- **October 3, 2022** — Judge Terri L. Stupica states Plaintiff appeared in court, not in 2022 CRB 502 as reflected by the warrant, but in 2022 CRB 799, after she uploaded an entirely false case and false charges.
- **October 4, 2022** — ER records showing contusion and other significant injuries caused by Defendants.

These documents are simple, factual, and cannot be refuted. They reveal a pattern of concealment, falsification, and manipulation that cannot be reconciled with Defendants' improper and ill-intentioned filings.

## VI. Plaintiff Has No State-Level Remedy

Exhibits M and N make clear that Plaintiff has had no state-level remedy since February 2025, a fact confirmed again in August 2025.

## VII. Relief Requested

Plaintiff respectfully requests that the Court:

1. Clarify whether the TRO remains under consideration, and if not, provide notice to Plaintiff.
2. Acknowledge that service has been completed and that the TRO is ripe for review.
3. Recognize that recent filings were made using time the Court did not authorize for such purposes.
4. Review Exhibit C as filed by Defendants, which appears to indicate that Plaintiff was released from jail on June 14, 2022 in CRB 749 after allegedly serving 12 days for a purported VOP — journalized on July 6, 2022, the day the document was created and entered by Judge Stupica — in an apparent attempt to cover an unlawful 37-day detention.
5. Decline to strike Exhibits A–D filed by Defendant Craig Young, as these exhibits were certified by other named Defendants in the same court where these events allegedly occurred and were adjudicated.
6. Grant such other relief as the Court deems just and proper.

Respectfully Submitted by,

Holly Dickson
Plaintiff, Pro Se
12978 Dorothy Drive
Chesterland, OH 44026
440-850-1395
h1dickson@verizon.net

**EXHIBIT A**

**Recorded vs. Unrecorded Events**

**A Simple, Two-Page Summary of the Charges and Cases Reported by the Defendants and Taken Straight from Plaintiff's FBI Background Report**

**I. Overview**

This exhibit compares what was **recorded** in official systems with what actually **occurred**. The most critical events — including the arrest on **September 30, 2022** and the earlier arrest on **September 2, 2021** — were **never recorded**, because they cannot be defended.

This four-day sequence reveals a pattern of concealment, falsification, and manipulation.

| DATE | FBI REPORT | EVENT | DESCRIPTION | AGENCY | CASE | TIME |
|---|---|---|---|---|---|---|
| 9/2/2021 | NOT RECORDED | ARREST | ARRESTED AT FAIR GROUNDS IN GEAUGA--CIRCUMSTANCES ARE NOTED IN EXHIBIT A, TAKEN INTO CUSTODY | GEAUGA | 749 | |
| 10/3/2021 | RECORDED | ARREST | ARRESTED AT 12978 DOROTHY DRIVE, NO WARRANTS OR PROBABLE CAUSE | CHESTER TWP | 749 | 19 |
| 10/29/2021 | NOT RECORDED | DETENTION | 10/29/2021-04/18/2021 FORCED DETENTION BY STUPICA 72 HR PROGRAM W/O OTHER PARTICIPANTS TURNS INTO 180 DAYS | STUPICA | 749 | 180 |
| 6/1/2022 | NOT RECORDED | ARREST | ARRESTED WHILE WALKING HOME FROM GIANT EAGLE, TAKEN INTO CUSTODY AND RELEASED, NO WARRANT | CHESTER TWP | | |
| 6/2/2022 | RECORDED | ARREST/JAILED | ARRESTED AT 12978 DOROTHY DRIVE, NO WARRANTS OR PROBABLE CAUSE | CHESTER TWP | 749 | 21 |
| 6/7/2022 | RECORDED | FALSE CHARGE | A FALSE CHARGE OF RESISTING FILED AS BASIS FOR A NEW CRIMINAL CASE THAT STUPICA ENTERS INTO THE SYSTEM | STUPICA | 502 | |
| 6/17/2022 | RECORDED | FALSE CHARGE | A FALSE CHARGE OF CONTEMPT OF COURT FILED AGAINST MS. DICKSON AS SHE IS UNLAWFULLY HELD | STUPICA | 749/502 | |
| 6/22/2022 | NOT RECORDED | CONVEYED | FORCED TRANSPORT--INVOLUNTARY TREATMENT--MEDICAID FRAUD, BODY BROKERING BY DEFENDANTS | STUPICA | 749/502 | 14 |
| 7/6/2022 | RECORDED | ARREST | ARRESTED FOR REFUSING TO CONSENT TO UNNECESSARY MEDICAL TREATMENT THAT IS MEDICAID FRAUD | STUPICA | 749/502 | |
| 7/6/2022 | NOT RECORDED | JAILED | JAILED FOR ANOTHER THREE DAYS FOR REFUSAL AND MADE TO POST NEW BOND FALSE CASE & CHARGES 502 | STUPICA | 749/502 | 3 |
| 7/8/2022 | NOT RECORDED | ANKLE MONITOR | MS. DICKSON FORCED TO WEAR ANKLE MONITOR AND PAY FOR IT $12.50 PLUS $100.00 TO INSTALL | STUPICA | 502 | 64 |
| 7/8/2022 | NOT RECORDED | RELEASE | RELEASED FROM JAIL AND FORCED TO PAY NEW BOND ON FALSE CHARGES 502 | STUPICA | 502 | |
| 9/9/2022 | RECORDED | COERCED PLEA | MS DICKSON PLEADS OUT TO A FALSE CHARGE DUE TO EXPENSE OF MONITOR--"ATTEMPT TO COMMIT A CRIME" | STUPICA | 502 | |
| 9/26/2022 | NOT RECORDED | BENCH WARRANT | CHESTER TWP PROVIDE HEARSAY TESTIMONY--STUPICA ISSUES BENCH WARRANT | CHESTER TWP | 502 | |
| 9/30/2022 | NOT RECORDED | ARREST/JAILED | BENCH WARRANT SERVED AND CUSTODY FOLLOWS NEXT 19 DAYS FOR AN ALLEGED VOP | CHESTER TWP | 502 | 19 |
| 10/3/2022 | RECORDED | ARREST | STUPICA FILES FALSE CHARGES AND NEW CASE, WARRANT DISAPPEARS, GEAUGA FILES THE FALSE CHARGES | GEAUGA | 799 | |
| 10/3/2022 | IMPOSSIBLE | IMPOSSIBLE | CRAIG YOUNG FILES POLICE REPORT, GEAUGA FILES THE CHARGES AND THE OFFICERS SHOOT DASH CAM ON 10/2/2022 | CHESTER TWP | 799 | |

| Date | Status | Type | Description | Entity | Col1 | Col2 |
|---|---|---|---|---|---|---|
| 10/19/2022 | NOT RECORDED | NOT RECORDED | STUPICA FORCES MS. DICKSON TO WEAR AND PAY FOR ANDKLE MONITOR, PAY NEW BOND FALSE CASE & CHARGES | STUPICA | 799 | 309 |
| 7/6/2023 | RECORDED | JURY TRIAL | JURY ACQUITS -- UNAWARE THE CASE NEVER HAPPENED AT ALL, DIRECTED VERDICT GIVEN BY THE DEFENDANTS | JURY TRIAL | 799 | |
| 8/22/2023 | SENTENCING | SENTENCING | MS. DICKSON SENTENCED TO 30 DAYS--DIRECTED VERDICT FOR A CRIMINAL EVENT THAT NEVER OCCURRED | FUHRY | 799 | |
| 3/7/2024 | RECORDED | ARREST/JAILED | AB CALLS IN PLAINTIFF'S WARRANT--CHESTER POLICE RESPOND | CHESTER TWP | 799 | 30 |
| 6/20/2024 | | ARREST/JAILED | WITH WITNESS STMNT SAME INDIVIDUAL ON OHIO RECORD FOR MANUAL STRANGULATION, PISTOL WHIPPING, ASSAULT ON PLAINTIFF | CHESTER TWP | 339 | 2 |
| 6/20/2024 | | ARREST/JAILED | NO PICTURES OF VICTIM CLAIMING SELF DEFENSE; JUST PICTURES OF PLAINTIFF WITH VISIBLE MARKS FROM THAT SELF DEFENSE | CHESTER TWP | 339 | |
| 6/20/2024 | | ARREST/JAILED | CHESTER TWP CHECK OFF--NO MIRANDA RIGHTS READ--THEY CAN DISPENSE WITH ANY LEGAL PROTOCOL | CHESTER TWP | 339 | |
| 6/21/2024 | | RELEASE | ORDERED TO PAY NEW BOND AND WEAR AN ANKLE MONITOR AT $12.50 DAY PLUS $100.00 TO INSTALL | STUPICA | 339 | 707 |

## EXHIBIT B

### Overview

This exhibit contains documents from the period **September 30, 2022 through October 4, 2022**, including third-party records, which independently demonstrate that **Case 2022 CRB 799 did not occur in reality.** The only events that actually occurred during this period correspond to **2022 CRB 502**, as reflected in the fully executed bench warrant, jail records, ER records, and contemporaneous third-party documentation.

The documents in this exhibit show that:

- **2022 CRB 799 exists only on paper,**
- its timeline is **physically impossible,**
- and the only "evidence" supporting it is **tampered dash-cam video** later used in court.

These records also demonstrate that Defendant **Craig Young** seeks to validate the false case by attaching Exhibits A–D to his amended answer, while omitting the police reports he personally signed on **June 2, 2022** and **October 3, 2022**, both of which contradict the narrative he now presents.

### Request That Exhibits Remain on the Record

Plaintiff respectfully reminds the Court that the exhibits filed by Defendant **Craig Young** should **remain on the record**, as they were:

- **certified by other named Defendants,**
- filed in the same court where these events allegedly occurred,
- and are themselves evidence of the conduct at issue, including
  - procedural manipulation,
  - fabrication of judicial records, and
  - the creation of false criminal cases.

Because these exhibits are **part of the factual history** and central to understanding the pattern of misconduct described in the Complaint, Plaintiff requests that they **not be stricken,** and that they remain available for the Court's review.

## BENCH WARRANT

ORIGINA

**STATE OF OHIO**
**VS**
**HOLLY ANN DICKSON**
SSN: XXX-XX-9313
DOB: 12/19/1966

**CHARDON MUNICIPAL COURT**
Chardon, Ohio

**Case No. 2022 PB 00502 CR**

Section: 2921.33

To: GEAUGA COUNTY SHERIFF'S DEPARTMENT, GREETINGS:
The State of Ohio, Geauga County,

It appearing to the Court this September 26, 2022 that one **HOLLY ANN DICKSON** of **12978 DOROTHY DR, CHESTERLAND, OH 44026** has a **VIOLATION OF PROBATION**.

THESE THEREFORE ARE TO COMMAND YOU to take the said **HOLLY ANN DICKSON** if SHE is found in your County, or if SHE is not found in your County, that you pursue after HER in any other County in this State, and take and safely keep HER so that you have HER body forthwith before said Court.

Witness my signature and the seal of said Court, this September 26, 2022.

_____
**TERRI L. STUPICA, JUDGE**

FILED
OCT -3 A 8: 21
CHARDON MUNICIPAL COURT
CHARDON, OHIO

BOND = NO BOND ALLOWED
PHONE # (813)509-1459

_____
**VICTORIA L. DAILEY, CLERK**

### RETURN

Geauga County, Ohio, September, 2022
Received this Writ on the 29-4 day of September, 2022, at 12:48 o'clock A.M., and pursuant to its command, I executed it on the 30th day of September, 2022, by arresting the said Holly A. Dickson and now have her before the Court.

Deputy J. ____ #2830
Bailiff

**FEES**
Service & Return _____ Persons, each... 30.00
Mileage, _____ miles at ____ per miles 9.00

Total 39.00

RETURNED AND FILED

2022 SEP 29 PM 12:48
GEAUGA CO SHERIFF'S OFFICE
CIVIL DIVISION

RECEIVED

G.22-2331

refox

top
**Payers**

INSTITUTIONAL BILLING\POLICE DEPARTMENTS12450 MERRITT RD
12450 MERRITT RD CHARDONtel:+1-(440)729-4683

*Member ID:*
*Group Number:*

top
**Health Care Providers**
**Hospitals**
　No Pcp Required
　**Address**
　Nicholas Abourjeily
*University Hospitals Cleveland Medical Center11100 Euclid AveCleveland, Ohio 44106*
　**Address**
**General Practice**
　Linda Ohsie-Bajor
*University Hospitals Cleveland Medical Center11100 Euclid AveCleveland, Ohio 44106*
　**Address**

top
**Patient Contacts**
*Personal*
　HOLLY GEAUGA COUNTY SHERIFF DEPARTME
*12450 MERRITT RDCHARDON, OH 44024*
　**Address**
**Emergency Contact**
　NONE NONE
　**Address**
999-9999999
　**Home Phone**
**Next of Kin**
　NONE NONE
　**Address**
999-9999999
　**Home Phone**

top
**Document Details**

| UH Regional Hospitals | *27100 Chardon RoadRichmond Heights, OH 44143*<br>Address |
| --- | --- |
| Services | |
| October 1, 2022 13:28<br>Published | |

Powered by Allscripts™Style Sheet V4.0.1

*[handwritten: DASHCAM VIDEO  10-2-2022   OFFICER ANTHONY INSANA]*

[Summary] Username: System Occured At: 9/30/2022 10:36:49 PM Source: ctpdapp Destination: \\ctpdapp\videostorage$\7254cc1bd4b14d47848b1082e03ad7ee
[Detail] [header] Event ID: 00:1d96:02:19fb-108529671 Source: ctpdapp Source IP: 192.168.2.1 Source Type: Import Service Event Key:
7254cc1bd4b1-4d47-848b-1082e03ad7ee Destination: \\ctpdapp\videostorage$\7254cc1bd4b14d47848b1082e03ad7ee Destination IP: 192.168.2.1 Destination Type: Final
Storage Category: Arrest Vehicle/Device: Unknown Officer Name: Anthony Insana Start Time: 9/30/2022 9:58:56 PM Stop Time: 9/30/2022 10:12:35 PM Complete: True
Retention Period: Indefinitely [file details] Title: Imported [Details] Camera View: Front Original: tick108529995-tick108531755-video0.mp4 Hashcode Original:
3f2625ee171dad75d5ee4f1dbca3a1f Hashcode Verified: True [Details] Camera View: Front Original: tick108529995-tick108531755-video0.vtt Hashcode Original:
64cab24c7c2f16ec68b20c12bc8c7b30 Hashcode Verified: True [Details] Camera View: Front Original: tick108529995-tick108531755-video0.json Hashcode Original:
5853d98d5cf5ec8c4897e58e237d5c9 Hashcode Verified: True [Details] Camera View: Secondary Original: tick108529995-tick108531755-video2.mp4 Hashcode
Original: 88f06f59c3ae3971d292db05db63677d Hashcode Verified: True [Details] Camera View: Secondary Original: tick108529995-tick108531755-video2.vtt Hashcode
Original: 64cab24c7c2f16ec68b20c12bc8c7b30 Hashcode Verified: True [Details] Camera View: Secondary Original: tick108529995-tick108531755-video2.json
Hashcode Original: c160adc01eac4fa84041c5826f82b6b Hashcode Verified: True

All Views

◆ View          10/02/2022 03:02   N/A                        N/A
[Summary] Username: Insana Occured At: 10/2/2022 7:02:02 AM Source: 10.27.8.15 [Detail] [header] Event ID: 00:1d96:02:19fb-108529671 Source: 10.27.8.15 Source IP
10.27.8.15 Source Type: EL Web Event Key: 7254cc1bd4b1-4d47-848b-1082e03ad7ee Triggered By: Client Category: Arrest Vehicle/Device: Unknown Officer Name:
Insana, Anthony [change details]

◆ View          02/27/2023 03:25   N/A                        N/A
[Summary] Username: Insana Occured At: 2/27/2023 8:25:06 AM Source: 10.27.8.15 [Detail] [header] Event ID: 00:1d96:02:19fb-108529671 Source: 10.27.8.15 Source IP
10.27.8.15 Source Type: EL Web Event Key: 7254cc1bd4b1-4d47-848b-1082e03ad7ee Triggered By: Client Category: Arrest Vehicle/Device: Unknown Officer Name:
Insana, Anthony [change details]

◆ View          04/18/2023 11:01   N/A                        N/A
[Summary] Username: pomrean Occured At: 4/18/2023 3:01:01 PM Source: 10.27.8.7 [Detail] [header] Event ID: 00:1d96:02:19fb-108529671 Source: 10.27.8.7 Source IP
10.27.8.7 Source Type: EL Web Event Key: 7254cc1bd4b1-4d47-848b-1082e03ad7ee Triggered By: Client Category: Arrest Vehicle/Device: Unknown Officer Name:
Insana, Anthony [change details]

All Modifications

◆ Modified       04/18/2023 11:03   N/A                        N/A
[Summary] Username: pomrean Occured At: 4/18/2023 3:03:56 PM Source: 10.27.8.7 [Detail] [header] Event ID: 00:1d96:02:19fb-108529671 Source: 10.27.8.7 Source IP
10.27.8.7 Source Type: EL Web Event Key: 7254cc1bd4b1-4d47-848b-1082e03ad7ee Triggered By: Client Category: Arrest Vehicle/Device: Unknown Officer Name:
Insana, Anthony [change details] Title: Modified Values [Details] Description: Prevent Purge? Old Value: No New Value: Yes

*Officer Sean Pitrelli*

*Dash cam video 10·2·2022*

◈  View                10/02/2022 03:04   N/A                                              N/A

[Summary] Username: pitrelli Occurred At: 10/2/2022 7:04:08 AM Source: 10.27.8.15 [Detail] [header] Event ID: 00:1d96:01:f9:0c-93765227 Source: 10.27.8.15 Source IP: 10.27.8.15 Source Type: EL Web Event Key: a4bb9dee-fcf2-4192-9aac-d683bf8aa9d7 Triggered By: Client Category: Arrest Vehicle/Device: 10 Officer Name: Pitrelli, Sean [change details]

◈  View                04/18/2023 10:50   N/A                                              N/A

[Summary] Username: pomnean Occurred At: 4/18/2023 2:50:43 PM Source: 10.27.8.7 [Detail] [header] Event ID: 00:1d96:01:f9:0c-93765227 Source: 10.27.8.7 Source IP: 10.27.8.7 Source Type: EL Web Event Key: a4bb9dee-fcf2-4192-9aac-d683bf8aa9d7 Triggered By: Client Category: Arrest Vehicle/Device: 10 Officer Name: Pitrelli, Sean [change details]

All Modifications

◈  Modified            04/18/2023 10:54   N/A                                              N/A

[Summary] Username: pomnean Occurred At: 4/18/2023 2:54:41 PM Source: 10.27.8.7 [Detail] [header] Event ID: 00:1d96:01:f9:0c-93765227 Source: 10.27.8.7 Source IP: 10.27.8.7 Source Type: EL Web Event Key: a4bb9dee-fcf2-4192-9aac-d683bf8aa9d7 Triggered By: Client Category: Arrest Vehicle/Device: 10 Officer Name: Pitrelli, Sean [change details] Title: Modified Values [Details] Description: Prevent Purge? Old Value: No New Value: Yes

Scanned 10/3/2022 11:31:02 AM

**IN THE CHARDON MUNICIPAL COURT**
**GEAUGA COUNTY, OHIO**

**FILED**

10/03/2022          11:27 AM

CHARDON MUNICIPAL COURT
CHARDON, OHIO

STATE OF OHIO,
       PLAINTIFF,
                       :

V.

HOLLY ANN DICKSON,
       DEFENDANT.

CASE NO: 2022 CR B 00799

JUDGE TERRI L. STUPICA

ORDER

This matter came on for hearing on October 3, 2022 for initial appearance pursuant to Rule 5, Criminal Rules and for admission to bail pursuant to Rule 46, Criminal Rules. Defendant was present in Court without counsel.

Defendant is charged with violating Section 2921.33/RESISTING ARREST - M2 and 2917.11(B)/DISORDERLY CONDUCT - M4 . Defendant was given or read copies of the complaint and their right to know the nature of the charges against them, to remain silent, to representations by counsel and to a Jury Trial were each explained to them.

After inquiry as authorized by Rule 46, the court finds that release upon a personal recognizance or an unsecured appearance bond will not assure the defendant's appearance as required and hereby admits defendant to bail upon their execution of an appearance bond in the amount of $2,500.00 10% cash secured or surety, plus $25.00 State fee on the condition defendant obey the laws, not leave the State, not consume alcohol, submit to random testing by a Police Officer or Probation Department if consuming alcohol or drugs, not attend bars, attend counseling for substance abuse with Lake Geauga Recovery proof to the Court of first scheduled appointment by 10/4/22 by noon, and SCRAM to be outfitted prior to release on bond with removal TBD.

IT IS SO ORDERED.

TERRI L. STUPICA, JUDGE

**JOURNALIZED**

October 3, 2022

CHARDON MUNICIPAL COURT

**Health Care Providers**
**Hospitals**
  No Pcp Required
  **Address**
**General Practice**
  Tina Piscitelli-Shaffer

*UH Regional Hospitals Bedford Campus44 Blaine AveBedford, OH 44146*
  **Address**
**General Practice**
  Linda Ohsie-Bajor

*University Hospitals Cleveland Medical Center11100 Euclid AveCleveland, Ohio 44106*
  **Address**
top
**Patient Contacts**
**Personal**
  HOLLY GEAUGA COUNTY SHERIFF DEPARTME

*12450 MERRITT RDCHARDON, OH 44024*
  **Address**
**Emergency Contact**
  NONE NONE
  **Address**
999-9999999
  **Home Phone**
**Next of Kin**
  NONE NONE
  **Address**
999-9999999
  **Home Phone**
top
**Document Details**

| UH Regional Hospitals | *27100 Chardon RoadRichmond Heights, OH 44143* Address |
| --- | --- |
| Services |  |
| October 4, 2022 18:10 Published |  |

Powered by Allscripts™Style Sheet V4.0.1