UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLLY DICKSON,

                                    Plaintiff,

            -v-                                         CIVIL ACTION NO. 26 Civ. 2014 (VSB) (SLC)

                                                        **ORDER**

JOEL FELTY, et al.,

                                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of the letter from pro se Plaintiff Holly Dickson ("Ms. Dickson") dated June 5, 2026 providing an update on her attempts to serve the summons and complaint (Dkt. No. 1 (the "Complaint")) on the Defendants[1] in this case. (Dkt. No. 371 (the "Letter")). In the Letter, Ms. Dickson acknowledges that service is not yet complete and is "await[ing] the Court's guidance regarding any further service required[.]" (Id. at 2–3). We address each category of unserved Defendants separately below.

Ms. Dickson acknowledges that "service efforts remain ongoing for John Miller, David Weintraub, LoveGrove & Lastella, PLLC, and Leisure Construction." (Dkt. No. 371 at 2). For these Defendants, the deadline for Ms. Dickson to effectuate service is **EXTENDED** to **July 10, 2026**.

With respect to Ms. Dickson's reference in the Letter that "individual attorneys listed in Appendix A [of the Complaint] were not separately served because their law firms or represented entities had already accepted service[,]" but that she "stands ready to effectuate additional service at the Court's direction[,]" (Dkt. No. 371 at 2), the Court reminds Ms. Dickson that each

---

[1] The term "Defendants" shall have the same meaning as stated in the Court's Opinion and Order dated April 9, 2026. (Dkt. No. 20).

Defendant must be served with the summons and Complaint.  Accordingly, to the extent Ms. Dickson has not filed proof of service of the summons and Complaint on these Defendants, by **July 10, 2026**, she shall either (i) file the required proof of service, or (ii) file a notice of voluntary dismissal as to that Defendant.

Ms. Dickson also refers to several Defendants whom she has attempted to serve, but for whom she has not been able to locate current information.  (Dkt. No. 371).  While the Court understands and appreciates Ms. Dickson's service efforts, service must be effectuated on each Defendant for the case to move forward.  Accordingly, with respect to these Defendants, by **July 10, 2026**, Ms. Dickson shall either:  (i) file the required proof of service, or (ii) file a notice of voluntary dismissal as to that Defendant.

Further, Ms. Dickson acknowledges in the Letter that there are a number of Defendants that are either "non-entities" or "non-suable" entities (the "Non-Entities") and refers to their corresponding number in the Complaint.  Those entities include:

(1)  #4 – Name Redacted;
(2)  #18 – Name Redacted;
(3)  #69 – PinellasRealForeclosure.com;
(4)  #70 – HillsboroughRealForeclosure.com;
(5)  #99 – EPA;
(6)  #140 – Mortgage Services, Various
(7)  #141 – Title Companies, Various
(8)  #142 – Unknown Financial Institutions
(9)  #143 – Unknown Bonding/Insurance
(10)  #144 – Doe Defendants 1–50

(Dkt. No. 371).

With respect to the Non-Entities, by **July 10, 2026**, Ms. Dickson shall either:  (i) file a notice of voluntary dismissal, or (ii) file a letter showing cause why the Court should not dismiss the Non-Entities.

Finally, the Court reminds Ms. Dickson of Section 4.J of the Honorable Vernon S. Broderick's Individual Rules and Practices in Civil Cases, regarding the Use of Generative Artificial Intelligence:

> **J. Use of Generative Artificial Intelligence**. Consistent with Rule 11(b) of the Federal Rules of Civil Procedure, and the certifications required thereunder, any party, whether appearing pro se or through counsel, who utilizes any generative artificial intelligence (AI) tool in the preparation of any documents filed with the Court must disclose that AI has been used. If generative AI is utilized in the drafting of any documents filed with the Court, the party must further certify in the document that it has independently reviewed and verified the accuracy of any portion of the document drafted by generative AI, including all citations, quotations, and legal authority, and that the document complies with the filer's Rule 11 obligations. This rule does not apply to information gathered using AI embedded in legal search engines, such as Westlaw, LexisNexis, etc. Failure to comply with this rule may result in sanctions, the document being stricken, or other remedies that the Court deems appropriate. A model certification may be found on the Court's website (https://www.nysd.uscourts.gov/hon-vernon-s-broderick).

Honorable Vernon S. Broderick's Individual Rules and Practices in Civil Cases, Section 4.J.

Dated:     New York, New York
           June 10, 2026                          SO ORDERED.


                                                  _____
                                                  SARAH L. CAVE
                                                  **United States Magistrate Judge**